**Jefferson McLAMB, Plaintiff–Appellant,**

v.

**The COUNTY OF SUFFOLK, in its official capacity as a municipality, and its named employees in their unofficial capacities, and the Department of Probation of Suffolk County, Defendants–Appellees.**

No. 07–1263–pr.

United States Court of Appeals, Second Circuit.

June 5, 2008.

Lincoln Wilson,* Matthew Heimann,** (Jon Romberg, of counsel), Center for Social Justice, Seton Hall University School of Law, Newark, NJ, for Plaintiff–Appellant.

Chris P. Termini, Assistant County Attorney (Christine Malafi, Suffolk County Attorney, on the brief), Hauppauge, NY, for Defendants–Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. NINA GERSHON, District Judge.**

### SUMMARY ORDER

Plaintiff–Appellant Jefferson McLamb appeals from a judgment of the United States District Court for the Eastern District of New York (Seybert, J.) entered on March 5, 2007, holding that his lawsuit brought under 42 U.S.C. § 1983 was barred by the *Rooker–Feldman* doctrine, and therefore dismissing it for lack of subject-matter jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history of the case, and specification of issues on appeal.

According to the *Rooker–Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), district courts lack jurisdiction "to review final judgments of a state court

---

* Appearing pursuant to Second Circuit Local Rule 46(e).

** The Honorable Nina Gershon, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

in judicial proceedings." *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303. The *Rooker–Feldman* bar applies when four elements exist:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[ ]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced". . . .

*Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85 (2d Cir.2005) (alterations in original) (footnote omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Contrary to the district court's decision in this case, *Rooker–Feldman* does not apply merely because a federal-court plaintiff's constitutional claims are "inextricably intertwined" with a state–court decision. To the extent that our cases reflect this standard, *see, e.g., Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002); *Moccio v. N.Y. State Office of Court Admin.,* 95 F.3d 195, 199–200 (2d Cir.1996), they did not survive the Supreme Court's decision in *Exxon Mobil. See Hoblock,* 422 F.3d at 84–85.

The present lawsuit meets neither the first requirement set forth in *Hoblock* nor the second. First, McLamb sought to vacate his 1987 sentence so that, when he was resentenced, he would be able to challenge the validity of his 1975 conviction, which was used to enhance his sentence in connection with his 1990 conviction. He prevailed on his motion to vacate his 1987 sentence and therefore did not lose in state court. That he was resentenced to a longer term of imprisonment and was ultimately unable to challenge his 1975 conviction or his 1990 sentence do not change that

determination. Second, a federal-court plaintiff does not complain of injuries "caused by" a state-court judgment when "the exact injury of which the party complains in federal court existed *prior* in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." *McKithen v. Brown,* 481 F.3d 89, 98 (2d Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1218, 170 L.Ed.2d 59 (2008). The injuries of which McLamb complains in his § 1983 suit existed before he sought to vacate his conviction, so they were not caused by his post-conviction proceeding. The County concedes as much in its brief, stating that McLamb "has no injuries to complain of."

We recognize that the rules of preclusion may have some applicability to this case, but we decline to address them here even though the County has argued in its brief that preclusion provides a basis for our affirmance. Because preclusion is an affirmative defense that should be addressed in view of a complete record of the allegedly preclusive proceedings, we leave it for the district court to address this issue should the County choose to interpose an answer and seek summary judgment on the basis of preclusion. *See* Fed. R.Civ.P. 8(c)(1) (estoppel and res judicata are affirmative defenses); *Exxon Mobil,* 544 U.S. at 284, 125 S.Ct. 1517 ("*Rooker–Feldman* does not otherwise override or supplant preclusion doctrine . . . ."); *id.* at 293, 125 S.Ct. 1517 ("Preclusion, of course, is not a jurisdictional matter."); *McKithen,* 481 F.3d at 104 ("[S]ua sponte application of claim preclusion is 'not always desirable.'" (quoting *Scherer v. Equitable Life Assurance Soc'y,* 347 F.3d 394, 398 n. 4 (2d Cir.2003))). Neither do we address the contention, asserted by the County in its motion to dismiss, that the district court should have abstained under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), because the County

concedes on appeal that the *Younger* doctrine does not apply. *See Brown v. Hotel & Rest. Employees & Bartenders Int'l Union Local 54,* 468 U.S. 491, 500 n. 9, 104 S.Ct. 3179, 82 L.Ed.2d 373 (1984) (*Younger* abstention can be waived). Finally, we express no opinion regarding whether McLamb's complaint states a claim upon which relief can be granted, *see* Fed. R.Civ.P. 12(b)(6), or whether McLamb's claims are cognizable under § 1983, *see McKithen,* 481 F.3d at 101 (citing *Heck v. Humphrey,* 512 U.S. 477, 481–82, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)).

For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings in accordance with this Order.